**LYNCH LYNCH HELD ROSENBERG, P.C.**
**JAMES S. LYNCH, ESQ.**
**NJ ATTORNEY ID #001491992**
440 State Route 17 North
Hasbrouck Heights, New Jersey 07604
(201) 288-2022
Attorneys for Plaintiff,
YESENIA ECHAVARRIA

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| YESENIA ECHAVARRIA,<br><br>               Plaintiff,<br><br>    -vs-<br><br>KEVIN J. RIORDAN M.D., CAPE EMERGENCY PHYSICIANS, CAPE REGIONAL MEDICAL CENTER, "JOHN DOES 1-10" (fictitious names, true names unknown), and/or "ABC CORPORATIONS 1-10" (fictitious names, true names unknown),<br><br>               Defendants. | CIVIL ACTION NO.:<br><br><br>CIVIL ACTION<br><br>**MEDICAL MALPRACTICE COMPLAINT**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff, YESENIA ECHAVARRIA, residing at 339 59th Street in the City of Brooklyn, County of Kings and State of New York, complaining of the Defendants, KEVIN J. RIORDAN M.D., CAPE EMERGENCY PHYSICIANS, CAPE REGIONAL MEDICAL CENTER, "JOHN DOES

{00517829.DOCX}

1-10" (fictitious names, true names unknown), and/or "ABC CORPORATIONS 1-10" (fictitious names, true names unknown), deposes and says:

**NATURE OF ACTION**

This is a civil action arising from the May 19, 2014 medical care provided by certain defendants to Plaintiff YESENIA ECHAVARRIA, in New Jersey. The Defendants' negligence and professional malpractice was a substantial contributing factor in causing Plaintiff's injuries.

**PARTIES**

1. Plaintiff YESENIA ECHAVARRIA is an individual and citizen of the state of New York.

2. Defendant KEVIN J. RIORDAN M.D., is a medical doctor specializing in the field of emergency medicine and is duly licensed to practice medicine under the laws of the State of New Jersey, having offices located at 2 Stone Harbor Blvd, City of Cape May Court House, County of Cape May, and State of New Jersey. At all relevant times herein, said Defendant professed and held himself out to the public, and in particular to the Plaintiff, YESENIA ECHAVARRIA, as being skilled, careful and diligent in the practice of his profession as an emergency physician.

{00517829.DOCX}

3. Defendant, CAPE EMERGENCY PHYSICIANS and/or "ABC CORPORATION 1" (fictitious name, true name unknown), is a business entity organized and existing under the laws of the State of New Jersey, with its principal place of business located at 2 Stone Harbor Blvd, City of Cape May Court House, County of Cape May, State of New Jersey. At all relevant times herein, said Defendant held itself out to the public, and to the Plaintiff, YESENIA ECHAVARRIA, as being fully and adequately equipped and staffed with trained expert physicians, nurses and other healthcare providers capable of providing healthcare in connection with the conditions from which the Plaintiff, YESENIA ECHAVARRIA, suffered during her treatment with the Defendants.

4. Defendant, CAPE REGIONAL MEDICAL CENTER and/or "ABC CORPORATIONS 2-10" (fictitious names, true names unknown), is a business entity organized and existing under the laws of the State of New Jersey, with its principal place of business located at 2 Stone Harbor Blvd, City of Cape May Court House, County of Cape May, State of New Jersey. At all relevant times herein, said Defendant held itself out to the public as a Hospital, and to the Plaintiff, YESENIA ECHAVARRIA, as being fully and adequately equipped and staffed with trained expert physicians, nurses and other healthcare providers capable of

{00517829.DOCX}

providing healthcare in connection with the conditions from which the Plaintiff, YESENIA ECHAVARRIA, suffered during her treatment with the Defendants.

5. At all times herein, CAPE EMERGENCY PHYSICIANS and/or "ABC CORPORATIONS 1-10" (fictitious names, true names unknown) was the employer of Defendant KEVIN J. RIORDAN M.D.

6. At all times herein, KEVIN J. RIORDAN M.D., and/or "JOHN DOES 1-10" (fictitious names, true names unknown) was an agent and/or employee of defendant CAPE REGIONAL MEDICAL CENTER and/or "ABC CORPORATIONS 2-10" (fictitious names, true names unknown).

7. At all times material to the within cause of action, "JOHN DOES 1-10" (fictitious names, true names unknown), were physicians, nurses, medical staff, medical providers and/or individuals involved in the care and treatment of Plaintiff, YESENIA ECHAVARRIA.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this matter, as Plaintiff and Defendants are citizens of different states, and the amount in controversy

{00517829.DOCX}

exceeds the sum $75,000, exclusive of interest and costs.

9. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because Defendants, Kevin J. Riordan M.D., Cape Emergency Physicians and Cape Regional Medical Center are located in this District, and systematically and continuously do business in this District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

### FIRST COUNT
### (MEDICAL MALPRACTICE)

10. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

11. During the course of treating the Plaintiff and in connection with the medical services provided to her, on or about May 19, 2014, the Defendants negligently and carelessly failed to exercise ordinary care, improperly interpreted electrocardiogram (ECG) studies, failed to advise patient of findings, failed to obtain proper testing, failed to refer, failed to establish proper protocols and procedures, failed to exercise that degree of skill, diligence and care commonly exercised by other doctors in like circumstances giving due

{00517829.DOCX}

regard to the existing state of knowledge in medicine, failed to properly treat the Plaintiff, failed to timely diagnose the Plaintiff's condition, failed to apprise the Plaintiff of the risks and options available to her in connection with the services rendered, failed to properly treat her condition and otherwise failed to act as prudent, skillful and careful medical doctors, treatment providers or administrators in connection with the services provided to the Plaintiff YESENIA ECHAVARRIA.

12. The Plaintiff first had reason to suspect that the Defendants committed malpractice when she was diagnosed with an acute myocardial infarction on or about May 21, 2014.

13. As a direct and proximate result of the negligence and professional malpractice of the Defendants, as aforesaid, the Plaintiff, YESENIA ECHAVARRIA sustained great pain and suffering of the mind and body, has and did sustain permanent bodily injuries, has and did incur medical expenses in order to correct the conditions caused by the Defendants, has and was unable to attend to her ordinary routine, employment and affairs and was otherwise damaged.

14. The medical treatment and services rendered by the defendants to the plaintiff YESENIA ECHAVARRIA, was performed negligently and carelessly and rendered in a manner which

{00517829.DOCX}

departed from the standard of good and accepted medical practice then and there prevailing and was otherwise negligent and careless.

15. The defendants, any and all of them, were negligent and departed from accepted standards of medical and health care practice by failing to properly interpret electrocardiogram (ECG) studies, obtain necessary testing, diagnose, treat, refer and care for the plaintiff.

## RESPONDEAT SUPERIOR

16. At the time of the incident, Defendant KEVIN J. RIORDAN M.D., and "JOHN DOES 1-10" (fictitious names, true names unknown) were/are the employees, agents, and/or servants of Defendants CAPE EMERGENCY PHYSICIANS and CAPE REGIONAL MEDICAL CENTER. Defendant KEVIN J. RIORDAN M.D., and "JOHN DOES 1-10" (fictitious names, true names unknown) were acting within the course and scope of their employment with said Defendants at the time of the incident made the basis of this lawsuit. As such, said Defendants are liable for the negligence of the Defendant, under the doctrine of *respondeat superior* due to the master-servant relationship which existed at the time of the incident made the basis of this lawsuit.

{00517829.DOCX}

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff, YESENIA ECHAVARRIA, demands judgment against the Defendants, KEVIN J. RIORDAN M.D., CAPE EMERGENCY PHYSICIANS, CAPE REGIONAL MEDICAL CENTER, "JOHN DOES 1-10" (fictitious names, true names unknown) and/or "ABC CORPORATIONS 1-10" (fictitious names, true names unknown), and requests the following relief:

(a) Actual and compensatory damages;

(b) Award Plaintiff attorneys' fees, interest and costs of suit;

(c) Grant Plaintiff such other relief as the Court deems just and proper.

                                      **LYNCH LYNCH HELD ROSENBERG, P.C.**
                                      Attorneys for Plaintiff
                                      YESENIA ECHAVARRIA

                                      By: _____
                                            JAMES S. LYNCH, ESQ.

Dated: April 28, 2015

{00517829.DOCX}

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury, pursuant to Fed. R. Civ. P. 38(b), on all issues.

                                        **LYNCH LYNCH HELD ROSENBERG, P.C.**
                                        Attorneys for Plaintiff
                                        YESENIA ECHAVARRIA

                                        By: _____
                                              JAMES S. LYNCH, ESQ.

Dated: April 28, 2015

{00517829.DOCX}

**DEMAND FOR TRANSCRIPTION AND OFFICE RECORDS**

Plaintiffs hereby demand that the Defendants produce a certified copy of all office records, telephone calls, billing and payments as well as a typed transcription of any and all of his/her handwritten office records and/or hospital records, within thirty (30) days of service of the Complaint.

**LYNCH LYNCH HELD ROSENBERG, P.C.**
Attorneys for Plaintiff
YESENIA ECHAVARRIA

By: _____
JAMES S. LYNCH, ESQ.

Dated: April 28, 2015

{00517829.DOCX}

**CERTIFICATION**

Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. OTHER ACTIONS PENDING?..........................YES ___ NO ✓

   A. If YES - Parties to other Pending Actions.

   B. In my opinion, the following parties should be joined in the within pending Cause of Action.

2. OTHER ACTIONS CONTEMPLATED?.....................YES ___ NO ✓

   A. If YES - Parties contemplated to be joined, in other Causes of Action.

3. ARBITRATION PROCEEDINGS PENDING?................YES ___ NO ✓
   A. If YES - Parties to Arbitration Proceedings.

   B. In my opinion, the following parties should be joined in the pending Arbitration Proceedings.

4. OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?....YES ___ NO ✓
   A. If YES - Parties contemplated to be joined to Arbitration Proceedings.

```
                              LYNCH LYNCH HELD ROSENBERG, P.C.
                              Attorneys for Plaintiff
                              YESENIA ECHAVARRIA

                              By: _____
                                   JAMES S. LYNCH, ESQ.
```

Dated: April 28, 2015

{00517829.DOCX}