NOT FOR PUBLICATION                                                                                              (Doc. No. 25)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| Yesenia ECHAVARRIA, | : | Civil No. 15–2976 (RBK/JS) |
| Plaintiff, | : | **OPINION** |
| v. | : | |
| Kevin J. RIORDAN, M.D., *et al.*, | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

Plaintiff Yesenia Echavarria brings this suit for medical malpractice against Defendants Kevin J. Riordan, M.D. ("Dr. Riordan"), Peter Komar, RN ("Mr. Komar"), Lisa Gault, RN (Ms. Gault"), Cape Emergency Physicians, Cape Regional Medical Center ("Cape Regional"), John Does 1–10, and ABC Corporations 1–10. Cape Regional moves for partial summary judgment, arguing that Plaintiff failed to properly file an affidavit of merit as to Mr. Komar and Ms. Gault. For the reasons expressed below, Cape Regional's Motion (Doc. No. 25) is **DENIED**.

**I.   LEGAL STANDARD**

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide

issues of fact. *Id.* at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Id.* at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. Furthermore, the nonmoving may not simply allege facts, but instead must "identify those facts of record which would contradict the facts identified by the movant." *Port Auth. of New York and New Jersey v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002). The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## II.     PROCEDURAL BACKGROUND

Plaintiff filed her Complaint on April 28, 2015, originally bringing suit against Cape Emergency Physicians, Cape Regional, Dr. Riordan, and various fictitious persons and entities (Doc. No. 1). On May 11, 2015, Diane Sixsmith, M.D. ("Dr. Sixsmith") filed an affidavit of merit as to Dr. Riordan, Cape Emergency Physicians, and Cape Regional (Doc. No. 3). Cape Regional filed its Answer on June 1, 2015 (Doc. No. 4), and Dr. Riordan and Cape Emergency Physicians filed a joint Answer on June 5, 2015 (Doc. No. 6). Dr. Sixsmith filed an additional affidavit of merit as to Cape Regional on September 16, 2015 (Doc. No. 13).

On December 9, 2015, Plaintiff moved her amend her Complaint (Doc. No. 15). Magistrate Judge Joel Schneider granted Plaintiff leave to file her First Amended Complaint on December 30, 2015 (Doc. No. 19). When Plaintiff filed her First Amended Complaint ("FAC"),

she added Mr. Komar and Ms. Gault as defendants (Doc. No. 20). Dr. Riordan and Cape Emergency Physicians filed a joint Answer to the FAC on January 12, 2016 (Doc. No. 23), and Cape Regional and Ms. Gault filed a joint Answer to the FAC on January 14, 2016 (Doc. No. 24). Cape Regional also filed this Motion for Partial Summary Judgment on January 14, 2016 (Doc. No. 25). Plaintiff opposed the Motion on February 1, 2016 (Doc. No. 27). On February 8, 2016, Jude Lark, RN, filed an affidavit of merit as to Mr. Komar and Ms. Gault (Doc. No. 28).

This Court entered, and then vacated, default against Mr. Komar (Doc. Nos. 31, 36, & 38). He filed his Answer on April 19, 2016 (Doc. No. 40).

### III.   DISCUSSION

New Jersey law requires that a plaintiff in a malpractice case "provide each defendant with an affidavit of an appropriately licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." N.J.S.A. 2A:53A–27 ("Affidavit of Merit Statute"). A plaintiff has to provide each affidavit of merit "within 60 days following the date of filing of the answer to the complaint by the defendant[.]" *Id.* The Court may extend the deadline an additional 60 days upon good cause. *Id.* "If the plaintiff fails to provide an affidavit or a statement in lieu thereof . . . it shall be deemed a failure to state a cause of action." N.J.S.A. 2A:53A–29. New Jersey's Affidavit of Merit Statute is enforceable in federal court when New Jersey law applies. *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 273 (3d Cir. 2002).

#### A.   VICARIOUS LIABILITY

Cape Regional argued that this Court should dismiss Plaintiff's vicarious liability claims regarding the treatment provided by Mr. Komar and Ms. Gault because Plaintiff failed to file a

proper affidavit of merit as to their negligence. *See* Def.'s Br. at 8. In response, on February 8, 2016, Plaintiff filed an affidavit of merit by Jude Lark, RN, as to Mr. Komar, Ms. Gault, and Cape Regional (Doc. No. 28). Cape Regional did not address the February 8, 2016 affidavit of merit in its Reply Brief, but argued that "a plaintiff must provide an affidavit of merit for all claims she wishes to bring against an entity within 120 days of that defendant's first answer." Def.'s Reply Br. at 6. This Court rejects Cape Regional's argument, as it is directly contrary to Third Circuit precedent.

"[T]he beginning point of the 120-day limitation period [is] the date on which a defendant files his answer to the final amended complaint." *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002). The Third Circuit declined to decide whether the 120-day limitations period begins "at a different time for each defendant based on the time each filed its respective answer[]" or "at the point when the last answer is filed." *Id.* Regardless of when the limitations period began, Plaintiff timely filed the February 8, 2016 affidavit of merit as to Ms. Gault, Mr. Komar, and Cape Regional.

Plaintiff filed her FAC on December 30, 2015. Ms. Gault and Cape Regional filed their Answer on January 14, 2016. Plaintiff's February 8, 2016 affidavit of merit was filed well within the first 60-day limitations period for Ms. Gault and Cape Regional, even assuming that the limitations period began on January 14, 2016. Furthermore, Plaintiff's February 8, 2016 affidavit of merit was filed *before* Mr. Komar filed his Answer on April 19, 2016. Plaintiff's February 8, 2016 affidavit of merit was therefore timely.

    **B.**    **DIRECT NEGLIGENCE**

Dr. Sixsmith asserted in her September 16, 2015 affidavit of merit that "there exists a reasonable probability" that Cape Regional failed to "effectively disseminate the content of the

guidelines for emergency department standards orders based on triage assessment as it is applicable to chest pain[.]" (Doc. No. 13). Cape Regional argued that Plaintiff's "claims for direct negligence must be limited to reflect the lack of an affidavit of merit as to any other action taken by" Cape Regional. Def.'s Br. at 9. But Cape Regional failed to provide any precedent that restricted a plaintiff to proofs offered in the affidavit of merit, and this Court's independent research revealed no such precedent. As required by the Affidavit of Merit Statute, Plaintiff's September 16, 2015 affidavit of merit makes a "threshold showing" that her direct negligence claim against Cape Regional is "meritorious." *See Buck v. Henry*, 207 N.J. 377, 393 (2011). This Court declines to limit the scope of Plaintiff's negligence claim against Cape Regional to the scope of the September 16, 2015 affidavit of merit.

### IV.     CONCLUSION

For the foregoing reasons, Defendant Cape Regional's Motion is **DENIED**.

Dated:   07/11/2016                                          s/ Robert B. Kugler

                                                             ROBERT B. KUGLER

                                                             United States District Judge